IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60462
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR LAMAR TATE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:97-CR-55-1-LN
--------------------

January 17, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Victor Lamar Tate appeals his convictions for conspiracy to misapply bank funds and for four substantive counts of misapplication of bank funds.  The district court did not commit plain error in including a definition of embezzlement in its instructions to the jury.  See United States v. Fletcher, 121 F.3d 187, 193 (5th Cir. 1997); United States v. Restivo, 8 F.3d 274, 279-80 (5th Cir. 1993).  Tate's argument that the evidence supported only a claim of embezzlement and not a claim of misapplication of bank funds is without merit.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tate's argument that the district court should have given his proposed instruction on circumstantial evidence is frivolous. Tate's proposed instruction is not the law of circumstantial evidence in this circuit. See United States v. Burton, 126 F.3d 666, 669-70 (5th Cir. 1997); see also United States v. Bell, 678 F.2d 547, 549 and n.3 (5th Cir. 1982). Furthermore, this was not a case involving only circumstantial evidence as codefendant Kelvin M. Grissom testified about Tate's initiation of the crime and his participation in it.

Tate did not renew his motion for directed verdict of acquittal at the close of the evidence, and review is limited to a determination whether his conviction constitutes a fundamental miscarriage of justice. United States v. Shannon, 21 F.3d 77, 83 (5th Cir. 1994). No fundamental miscarriage of justice occurred. The record contains ample evidence of Tate's guilt. Finally, the district court did not abuse its discretion in denying Tate's postjudgment motion for a new trial. See United States v. Rasco, 123 F.3d 222, 228 (5th Cir. 1997).

AFFIRMED.